UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RONALD WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-65 SPM |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

**Background**

On August 27, 2015, a jury found petitioner guilty of domestic assault in the first degree, domestic assault in the third degree and armed criminal action. *See State v. White,* No. 1422-CR04119-01 (22nd Judicial Circuit, St. Louis City Court). On October 15, 2015, the Court sentenced petitioner to twenty years' imprisonment.

Petitioner filed an immediate appeal of his conviction and sentence, but his appeal was dismissed by the Eastern District Court of Appeals for failure to comply with a court order on August 10, 2016. *See State v. White*, No. ED103585 (Mo.Ct.App. 2016).

Petitioner filed a post-conviction motion to vacate his sentence on November 18, 2016. *See White v. State*, No. 1622-CC11389 (22nd Judicial Circuit, St. Louis City Court). The motion was denied May 17, 2018. *Id.* Unfortunately, there is no indication that petitioner appealed the denial

of his motion to vacate. However, movant did file two petitions for writ of habeas corpus relating to his 2015 conviction.

On February 28, 2019, petitioner filed a petition for writ of habeas corpus, pursuant to Mo.Sup.Ct.R.91 in the Mississippi County Circuit Court. *See White v. State,* No. 19MI-CV00129 (33rd Judicial Circuit, Mississippi Circuit Court). His petition was denied after a full briefing on July 10, 2019. *Id.*

On January 28, 2020, petitioner filed a petition for writ of habeas corpus, pursuant to Mo.Sup.Ct.R.91 in the Mississippi County Circuit Court. *See White v. State*, No. 20MI-CV00065 (33rd Judicial Circuit, Mississippi Circuit Court). His petition was summarily denied on that same date.

Petitioner filed the instant application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 petition on March 20, 2020, seeking to challenge his 2015 conviction in St. Louis City.

**Discussion**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. Gonzalez v. Thaler, 565 U.S. 134, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02.

Accordingly, petitioner's judgment of conviction here became final on August 25, 2016, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from November 18, 2016, through May 17, 2018. *See Payne v. Kemna,* 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).

As noted above, petitioner failed to file an appeal of his post-conviction motion. Therefore, between the time his post-conviction motion to vacate his sentence was denied on May 17, 2018, and when he filed his first Rule 91 habeas motion on February 28, 2019, two hundred-eighty-seven (287) days elapsed. His limitations period was tolled during the filing of his Rule 91 habeas

3

petition. *See Polson v. Bowersox*, 595 F.3d 873 (8th Cir. 2010) (properly-filed state habeas applications qualify as "other collateral review" under 28 U.S.C. Section 2244(d)(2)).

However, petitioner's state habeas petition was denied on July 10, 2019, and he did not file his second Rule 91 habeas until January 28, 2020. By this time, four-hundred-eighty-nine (489) days had passed, and petitioner's second Rule 91 could not serve to toll the limitations period. *See Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (8th Cir. 2003) (in order for an application to toll the one-year limitations period, it must be filed prior to its expiration).

The instant petition, filed on March 20, 2020 has been filed more than a year after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this   2nd   day of April, 2020.

*Stephen N. Limbaugh Jr.*
_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE