## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

RONALD WHITE,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)　　　No. 1:20-CV-65 SPM
　　　　　　　　　　　　　　　　)
JASON LEWIS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　)

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 2, 2020, the Court ordered petitioner to show cause why this action should not be dismissed as time-barred. Petitioner filed a response to the Order to Show Cause on April 16, 2020. After review of the response filed by petitioner, the Court will dismiss this action as time-barred and, alternatively, petitioner's application for writ of habeas corpus is denied on the record.

### Background

On August 27, 2015, a jury found petitioner guilty of domestic assault in the first degree, domestic assault in the third degree and armed criminal action. *See State v. White,* No. 1422-CR04119-01 (22nd Judicial Circuit, St. Louis City Court). On October 15, 2015, the Court sentenced petitioner to twenty years' imprisonment.

Petitioner filed an immediate appeal of his conviction and sentence, but his appeal was dismissed by the Eastern District Court of Appeals for failure to comply with a court order on August 10, 2016. *See State v. White*, No. ED103585 (Mo.Ct.App. 2016).

Petitioner filed a post-conviction motion to vacate his sentence on November 18, 2016. *See White v. State*, No. 1622-CC11389 (22nd Judicial Circuit, St. Louis City Court). The motion was denied May 17, 2018. *Id.* Unfortunately, there is no indication that petitioner appealed the denial of his motion to vacate. However, movant did file two petitions for writ of habeas corpus relating to his 2015 conviction.

On February 28, 2019, petitioner filed a petition for writ of habeas corpus, pursuant to Mo.Sup.Ct.R.91 in the Mississippi County Circuit Court. *See White v. State,* No. 19MI-CV00129 (33rd Judicial Circuit, Mississippi Circuit Court). His petition was denied after a full briefing on July 10, 2019. *Id.*

On January 28, 2020, petitioner filed a petition for writ of habeas corpus, pursuant to Mo.Sup.Ct.R.91 in the Mississippi County Circuit Court. *See White v. State*, No. 20MI-CV00065 (33rd Judicial Circuit, Mississippi Circuit Court). His petition was summarily denied on that same date.

Petitioner filed the instant application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 petition on March 20, 2020, seeking to challenge his 2015 conviction in St. Louis City.

## Discussion

### A. Timeliness

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler*, 565 U.S. 134, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02.

Accordingly, petitioner's judgment of conviction became final on August 25, 2016, fifteen (15) days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from November 18, 2016, through May 17, 2018. *See Payne*

3

*v. Kemna,* 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).

As noted above, petitioner failed to file an appeal of his post-conviction motion. Therefore, between the time his post-conviction motion to vacate his sentence was denied on May 17, 2018, and when he filed his first Rule 91 habeas motion on February 28, 2019, two hundred-eighty-seven (287) days elapsed. His limitations period was tolled during the filing of his Rule 91 habeas petition. *See Polson v. Bowersox*, 595 F.3d 873 (8th Cir. 2010) (properly-filed state habeas applications qualify as "other collateral review" under 28 U.S.C. Section 2244(d)(2)).

However, petitioner's state habeas petition was denied on July 10, 2019, and he did not file his second Rule 91 habeas until January 28, 2020. By this time, four-hundred-eighty-nine (489) days had passed, and petitioner's second Rule 91 could not serve to toll the limitations period. *See Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (8th Cir. 2003) (in order for an application to toll the one-year limitations period, it must be filed prior to its expiration).

The instant petition, filed on March 20, 2020, was filed more than a year after petitioner's state court judgment of conviction became final. As a result, the Court Ordered petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

On April 16, 2020, petitioner filed his response to the Order to Show Cause. In his response, petitioner asserts that he is entitled to equitable tolling because he did not receive the post-conviction opinion filed on May 17, 2018. *White v. State*, No. 1622-CC11389 (22nd Judicial Circuit, St. Louis City Court). Petitioner asserts that "because the Circuit Court never informed

4

petitioner that his post-conviction motion was denied, petitioner had no way of knowing that his one-year limitation period had expired."

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an exceedingly narrow window of relief. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)."Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that 'even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted).

The Court must first point out that petitioner does not need the benefit of equitable tolling in this instance. As stated above, even if the Court presumes that petitioner had no notice of the denial of his post-conviction proceedings, he filed his first Rule 91 within the time limits. Only two hundred-eighty-seven (287) days elapsed in his statute of limitations between the denial of his post-conviction motion and the filing of his Rule 91 motion on February 28, 2019. And, because his Rule 91 motion was properly filed, his limitations period was tolled during the pendency of that filing.

The Rule 91 proceedings were denied on July 10, 2019. It was at this point that petitioner failed to file his habeas corpus motion in federal court even though he should have done so within

the next seventy-eight (78) days. Nonetheless, he waited until past the limitations period, on January 28, 2020, to file a second Rule 91 habeas. By this time, four-hundred-eighty-nine (489) days had passed in the limitations period, and petitioner's second Rule 91 could not serve to toll the limitations period. Only after his second Rule 91 was denied did petitioner think to file his federal habeas corpus on March 20, 2020, over five hundred (500) days into the statute of limitations period.

Although the Court has proven that petitioner was not diligently pursuing his rights, it will nonetheless address petitioner's equitable tolling arguments with relation to the post-conviction proceeding. He asserts that he should be given the benefit of equitable tolling of the statute of limitations because there was an extraordinary circumstance that stood in his way. Namely, petitioner asserts that he was never informed that his post-conviction motion was denied.

The Court takes judicial notice that although petitioner was assigned counsel in his post-conviction proceedings, on January 27, 2017, the parties appeared on petitioner's motion to dismiss appointed counsel so that petitioner could represent himself pro se. *White v. State*, No. 1622-CC11389 (22nd Judicial Circuit, St. Louis City Court). After a hearing on the matter, the Court granted petitioner's motion to dismiss his appointed counsel on January 30, 2017. On February 15, 2017, petitioner filed a waiver of rights relative to representing himself pro se, stating:

1. I understand that I previously was found guilty by a jury of one count of domestic assault 1st degree, a Class B felony, one count of armed criminal action, an unclassified felony, and one count of domestic assault 3rd degree, a Class A misdemeanor, under Missouri law. I understand that the Court has given me sentences of 20 years, 20 years and 1 year, all running concurrently.

2. I understand that, under Rule 29.15(e), the Court has previously appointed Kevin Gau, a Public Defender, to represent me as my lawyer in this post-conviction relief case. I understand that Kevin Gau has experience in handling cases like my case

6

brought under Rule 29.15, and I understand that I would receive benefits by having him represent me in this case.

3. I understand that I may have a right to a hearing in my case, before the judge makes a final decision about the issues I have raised in my post-conviction relief motion. The judge has already told me that, if he does not find at least one of the errors that I have alleged in my post-conviction relief motion to be true, then the Court will not grant me any of the relief I am seeking in my post-conviction relief motion.

4. I understand that, if the judge does not grant my motion for post-conviction relief, I will have to continue to serve my sentence of 20 years in the Missouri Department of Corrections. I also understand that the judge can grant my motion for post-conviction relief in such a way that I will have to try my case again.

5. I understand that, if I cannot afford to hire a lawyer, I have a right to apply for a public defender to serve as my lawyer and that Missouri law requires that a lawyer represent me in this case unless the Court allows me to represent myself.

6. I state that, if I have any justifications or explanations for my conduct and if I have any recommendations to make to the Court, I am able to clearly state these things myself. I do not need a lawyer to help me present my justifications, explanations and recommendations to the Court.

7. **The judge has explained to me the problems that I create for myself and the risks that take on myself if I go forward without a lawyer. I understand the dangers about which the judge has warned me. Nevertheless, I want to go forward with my case representing myself. I do not want a lawyer to advise me or represent me.** (emphasis added)

8. I am giving up my right to a lawyer freely and voluntarily. I know what I am doing, and I understand the risks that I am taking. I think that this is the best way for me to go forward in my post-conviction relief case.

*White v. State*, No. 1622-CC11389 (22nd Judicial Circuit, St. Louis City Court). Because petitioner

was representing himself pro se in his post-conviction proceedings, it was his responsibility to

keep the post-conviction court updated with his current address[1] such that he could be notified when the post-conviction court released its opinion on May 17, 2018.[2]

Petitioner's last filing in the post-conviction case, *White v. State*, No. 1622-CC11389 (22nd Judicial Circuit, St. Louis City Court), was on April 11, 2018, when he sought issuance of subpoenas in the matter. Moreover, the docket on Missouri.Case.Net indicates that an evidentiary hearing took place on April 26, 2018 on petitioner's post-conviction motion. However, the actual notes relative to the hearing were docketed in petitioner's criminal case, *State v. White,* No. 1422-CR04119-01 (22nd Judicial Circuit, St. Louis City Court). The docket notes indicate that petitioner attended the hearing and advocated for himself pro se.

Moreover, between the time the post-conviction opinion was entered on May 17, 2018 and the time petitioner filed his first petition for writ of habeas corpus pursuant to Mo.Sup.Ct.R.91 in Mississippi County Circuit Court on February 28, 2019, petitioner had already sought review of his state court conviction in his criminal case with Judge Boyer, who wrote the post-conviction opinion, by filing two motions for post-appeal relief in his criminal case pursuant to Mo.S.Ct.R.74.06.[3] *State v. White,* No. 1422-CR04119-01 (22nd Judicial Circuit, St. Louis City

---

[1]It is well settled that a pro se party cannot be held to a different standard under the Missouri Rules of Civil Procedure than a party who is represented by counsel. *See Murphy v. Shur*, 6 S.W.3d 207, 208 (Mo.App.1999). "Pro se parties .... are not entitled to indulgences they would not have received if represented by counsel." *Belisle v. City of Senath*, 974 S.W.2d 600, 601 (Mo.App.1998). This principal is not grounded in a "lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Kline v. Casey's Gen. Stores, Inc.*, 998 S.W.2d 140, 141 (Mo.App.1999) (quoting *Sutton v. Goldenberg*, 862 S.W.2d 515, 517 (Mo.App.1993)).

[2]The Court takes judicial notice that the address for petitioner in *White v. State*, No. 1622-CC11389 (22nd Judicial Circuit, St. Louis City Court) on Missouri.Case.Net is petitioner's current address as noted on this Court's docket.

[3]Petitioner titled his motions "Motion for Relief from Void Judgment." *See, e.g. Manning v. Fedotin*, 64 S.W.3d 841 (Mo.Ct.App.2002).

Court). It seems incredulous to believe that petitioner would seek such relief knowing that his prior motion for post-conviction relief was still pending.

Additionally, nowhere in petitioner's application for habeas corpus, or in his response to the Order to Show Cause does petitioner indicate exactly how and when he learned of the denial of his post-conviction motion for relief. Petitioner's failure to include this information in his Response to the Show Cause leaves this Court to once again surmise that he was not diligent in pursuing his post-conviction rights.

Additionally, petitioner has not indicated why he failed to avail himself of Missouri Rule 30.03 once he learned of the post-conviction court's failure to notify him of its decision, which allows a movant to seek a special order permitting a late filing of the notice of appeal with good cause. While a notice of appeal normally must be filed within 10 days after a judgment becomes final, Rule 30.03 permits a movant, for good cause shown, to file a late notice of appeal within 12 months after judgment becomes final, if the movant receives leave of court to file out of time. *See Gehrke v. State*, 280 S.W.3d 54, 58 (Mo. 2009).

Petitioner's lack of diligence in pursuing these remedies, as well as his failure to show some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), will result in a dismissal of his habeas action as time-barred.

### B. Substantive Review of Petitioner's Claim in His Petition

Even if petitioner's habeas petition was not subject to dismissal for untimeliness, his application for relief would be subject to dismissal on substantive grounds.

9

Petitioner presents one ground for relief in his petition. He contends that the jury at his criminal trial could not have rendered a verdict of guilty because the Court lacked jurisdiction over him at that time. He asserts that at the time of his trial "there was no Indictment or Information charging [him] with a crime." He claims that after the start of his trial, the State of Missouri presented him with a "Substitute Information" in Lieu of an Indictment." However, petitioner asserts that the State never formally filed the "Substitute Information." Therefore, petitioner asserts that the State of Missouri lacked jurisdiction over petitioner at the time he was purportedly found guilty of the crimes for which he was charged.

The Court notes that a review of petitioner's docket on Missouri Case.Net reveals that petitioner was first charged by Complaint in his criminal action on November 4, 2014. See *State v. White,* No. 1422-CR04119 (22nd Judicial Circuit, St. Louis City Court). The Complaint charged petitioner with domestic assault in the first degree, domestic assault in the third degree and armed criminal action relating to petitioner's conduct in a domestic assault with a victim on November 3, 2014. Petitioner was originally held on a $30,000 cash bond, and after an initial arraignment, petitioner motioned to reduce his bond.

Before petitioner's motion was ruled on, the Grand Jury Indictment was filed on December 16, 2014, charging petitioner as a Prior and Persistent Offender and charging him with domestic assault in the first degree, domestic assault in the second degree, domestic assault in the third degree and two counts of armed criminal action. *See State v. White,* No. 1422-CR04119-01 (22nd Judicial Circuit, St. Louis City Court). Bond was once again set at $30,000 cash only. No superseding Indictments were filed in the criminal action, and the prosecutor took petitioner to

trial on the five claims outlined in the Grand Jury Indictment from December 16, 2014. Petitioner was represented at trial by Assistant Public Defender Ashley Walker.

It appears that petitioner's claim seeking to overturn his conviction refers to a filing made by Assistant Circuit Attorney Cynthia Copeland near the end of trial, on or about August 27, 2015. On that date, petitioner's counsel stipulated that petitioner was a Prior and Persistent Offender, as outlined in the "Substitute Information in Lieu of Indictment,"[4] and that the priors outlined in the Substitute Information could be proved. The stipulation was signed by petitioner, petitioner's counsel, as well as the Assistant Circuit Attorney.

While petitioner presented multiple claims in his direct appeal and post-conviction litigation, he did not present his claim that the Court "lacked jurisdiction" to render a verdict against him in that litigation.[5] Petitioner did attempt to bring a similar claim in two post-appeal motions filed in his criminal case pursuant to Mo.S.Ct.R.74.06 on June 26, 2019 and October 17, 2019[6], but apparently due to the lateness of his filings, which did not occur until he had already filed his first Rule 91 habeas corpus motion, the Circuit Court did not address his motion for relief from judgment. *State v. White,* No. 1422-CR04119-01 (22nd Judicial Circuit, St. Louis City Court).[7]

---

[4]The denial of the post-conviction motion to vacate reviews whether petitioner's counsel was ineffective for stipulating that the Substitute Information in Lieu of Indictment was true and correct, and whether petitioner could be proved to be a Prior and Persistent Offender. The Circuit Court noted that not only was the stipulation signed by plaintiff, his counsel and the Circuit Attorney, but where the record shows that a movant had prior convictions, no hearing is necessary on a claim that his counsel should have objected, as any objection would have been useless. *Gilliehan v. State*, 865 S.W.2d 440, 442-43 (Mo.Ct.App.1993).

[5]In petitioner's second application for habeas corpus brought in state court, he asserted that the "trial court lacked jurisdiction to impose his sentence" because it failed to comply with Missouri Supreme Court Rule 29.01(A).

[6]*See State v. White,* No. 1422-CR04119-01 (22nd Judicial Circuit, St. Louis City Court)

[7]Ordinarily, the Court would find review of this claim barred. However, on Rule 4 review, the Court cannot rely on the affirmative defense of procedural default as a basis for dismissal.

11

Petitioner contends that the variance between the Grand Jury Indictment and Substitute Information in Lieu of Indictment divested the Circuit Court of jurisdiction to convict him, and that he is therefore entitled to raise the issue in his habeas corpus proceedings. But the Missouri Supreme Court has rejected the argument that defects in a charging instrument affect the jurisdiction of the Circuit Court. More than 25 years ago, the Missouri Supreme Court explained:

[s]ubject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The blending of those concepts serves only to confuse the issue to be determined. Circuit courts obviously have subject matter jurisdiction to try crimes, including the felony of unlawful use of weapons. Mo. Const. art. V, § 14(a). At the same time, a person cannot be convicted of a crime with which the person was not charged unless it is a lesser included offense of a charged offense. Cases stating that jurisdiction is dependent upon the sufficiency of the indictment or information mix separate questions. That language ... should not be relied on in the future. Equally inaccurate is the statement in at least one case that absence of an information deprives the trial court of jurisdiction over the person.

*State v. Parkhurst,* 845 S.W.2d 31, 34-35 (Mo. banc 1992) (other citations and footnotes omitted).

Petitioner's assertions that the Circuit Court lacked jurisdiction over his conviction and sentence fail to establish a claim for relief in this habeas corpus proceeding, and his application for habeas corpus will be denied.

Even if petitioner had a due process argument relative to the Substitute Information in Lieu of Indictment, his stipulation to the Substitute Information at trial negates any such argument. Additionally, he failed to object to the Substitute Information in Lieu of Indictment at trial, which again waived his right to assert a violation of his due process rights. For this reason, the Court will reject petitioner's request to dismiss the indictment.

To the extent that petitioner is making a general allegation that the evidence presented by the State was insufficient to support his convictions, this claim also fails. The standard for

12

reviewing the sufficiency of the evidence is set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson*, the United States Supreme Court held that the appropriate inquiry under due process for reviewing the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. 2789. Further, "[t]he state is 'not required to rule out every hypothesis except that of guilt beyond a reasonable doubt.'" *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir.1994) (quoting *Perez v. Groose*, 973 F.2d 630, 634 (8th Cir.1992)). The federal court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the State and must defer to that resolution." *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir.1994). This Circuit has "recognized that the verdict 'may be based in whole or in part on circumstantial evidence.'" *Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir.1996) (quoting *United States v. Anderson*, 78 F.3d 420, 422 (8th Cir.1996)).

A review of the record reveals that the evidence adduced at trial was clearly sufficient to support a guilty verdict on all charges. And petitioner has not argued against that fact in his claims in this Court. Additionally, as previously noted, he stipulated to his status as a Prior and Persistent Offender prior to his sentencing. Thus, the Court is unable to state that his rights were violated under the due process clause.

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir.1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997) (citing *Flieger*

*v. Delo*, 16 F.3d 878, 882-83 (8th Cir.1994)); *Tokar v. Bowersox*, 1 F.Supp.2d 986, 1016 (E.D.Mo.1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. As such, the Court will deny petitioner a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for habeas corpus is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that, in the alternative, petitioner's application for habeas corpus is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this ⟶ 2/st day of January, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

14